**STATE of Tennessee, Appellee,**

v.

**Raynard TATE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 29, 1981.

Permission to Appeal Denied by Supreme Court April 13, 1981.

Donald G. Rogers, Adamsville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, Michael Whitaker, Dist. Atty. Gen., Jon K. Blackwood, Preston Parks, Asst. Dist. Attys. Gen., Somerville, for appellee.

OPINION

SCOTT, Judge.

The appellant was convicted of assault with intent to commit rape and received a sentence of not less than two nor more than four years in the state penitentiary. In this appeal he has presented four issues, all of which challenge the identification procedure, a one on one show up. The state counters his arguments with the contention that he cannot be heard to complain since the appellant himself sought the confrontation. We agree with the state.

On Saturday, November 3, 1979, the sixteen year old victim was at home alone in rural McNairy County. She was sweeping the floors and doing household chores.

She heard a car arrive, but believed that it was her parents returning from town. When nobody entered the house she went to the front door. Upon opening it, she saw a man standing there who stated that he wanted to come in to use the bathroom. She refused, but he persisted in his request. Finally, he pushed his way through the door and began fighting and scuffling with the victim. They fought their way to the bedroom where he pushed her down on the bed. He attempted to unfasten her jeans and his pants. He ripped her shirt off as she fled from him. The victim was able to get away and was seeking to get some hot coffee to throw on her assailant. Instead, the spunky victim grabbed a wine bottle and threatened him with it.

When she did this, he backed off and went out the door. The victim saw him get into and leave in a red 1962 or 1963 model automobile.

Upon her parents' return the incident was reported immediately to law enforcement officers who began looking for a man and a car fitting the descriptions given by the victim.

On Monday, November 5, 1979, two McNairy County Deputies Sheriff were in Selmer near the courthouse. They saw a car fitting the description given by the victim with two men inside. The appellant, who generally fit the description given by the victim, was driving. The officers pulled up beside the car at a traffic light and asked the appellant to pull over at the courthouse. He complied and the officers explained to him why he had been stopped and told him that they wanted to talk to him about the incident. One officer testified that, "at the very outset, he stated that he was innocent; that he had witnesses that said he was somewhere else during the time that this occurred, and he was willing to go out there (to the victim's house); he wanted to get it over with right then; he was anxious to get it cleared up."

The other officer testified that the appellant said, "he didn't have anything to hide; that he'd be glad to drive out to the residence to get it cleared away," offering to go in his own car. However, the officers suggested it would be better for him not to drive there in the red car.

The appellant went to the victim's home with the two officers. He waited outside with one officer while the other went inside to get the victim. When the victim saw the appellant she became hysterical and ran to her mother. Her identification at the scene was immediate, exact, and convincing. Her in court identification was equally exact, and convincing.

Naturally, the appellant denied seeking the confrontation, contending that the meeting was the officers' idea.

■ The trial judge overruled the motion to suppress the identification evidence, but stated no reasons for his action. By implication he chose to believe the officers' version of the meeting and to reject the explanation by the appellant. The rule is firmly settled that the judge's findings upon questions of fact at a hearing on a motion to suppress are conclusive on this Court unless we find that the evidence preponderates against the lower court's judgment. *Nix v. State*, 530 S.W.2d 524, 527 (Tenn.Cr.App. 1975).

■ The findings of a trial judge, after seeing and hearing the witnesses' conflicting testimony at an oral hearing, have the weight of a jury verdict. *Taylor v. State*, 180 Tenn. 62, 171 S.W.2d 403, 404 (1943). The evidence in this case does not preponderate against the findings by the trial judge.

We have found no Tennessee case where the defendant initiated the confrontation about which he later complained. However, *State v. Jones*, 49 Ohio App.2d 170, 359 N.E.2d 1386, 1390 (1976), is a strikingly similar case. In that case a convenience market was robbed. After some difficulty with the identification of the robber, Mr. Jones, a juvenile, was arrested. At the police station he insisted on a face to face confrontation with the victim, who happened to be in the police station on other business at the time. The officers complied with his request and the victim made a positive identification of Mr. Jones.

In finding no due process violation, the Ohio Court stated:

While such a face-to-face confrontation is clearly not in keeping with the best of police technique, it is equally clear that the defendant himself demanded the confrontation, insisting to the officers that it would prove his innocence. There is nothing in the record to suggest that the confrontation format was designed by the officers, or that they were doing anything other than acceding to the demand of the accused. 359 N.E.2d at 1390.

■ We find the reasoning of the Ohio Court to be persuasive indeed, and we adopt it as our own. We hold that when an accused seeks a one on one show up with the victim, and the record is devoid of proof that the confrontation format was designed by the officers or that they did anything other than accede to the demand of the accused, he cannot be heard to complain about the suggestiveness of the out of court identification procedure. Hence, all of the appellant's challenges to the identification procedure are without merit.

The judgment is affirmed.

O'BRIEN and DUNCAN, JJ., concur.