# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MARCH SESSION, 1998

FILED

April 30, 1998

Cecil W. Crowson
Appellate Court Clerk

STANLEY HARVILLE a/k/a,        )      C.C.A. NO. 01C01-9705-CC-00104
STANLEY SALAHUDDIN,            )
                              )
        Appellant,            )
                              )
                              )      HICKMAN COUNTY
VS.                            )
                              )      HON. CORNELIA A. CLARK
STATE OF TENNESSEE,            )      JUDGE
                              )
        Appellee.             )      (Petition to Correct Judgment)


## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF HICKMAN COUNTY


FOR THE APPELLANT:                FOR THE APPELLEE:

GREGORY D. SMITH                  JOHN KNOX WALKUP
One Public Square, Ste. 321       Attorney General and Reporter
Clarksville, TN 37040
                                  ELLEN H. POLLACK
                                  Assistant Attorney General
                                  425 Fifth Avenue North
                                  Nashville, TN 37243-0490

                                  JOE D. BAUGH, JR.
                                  District Attorney General

                                  RONALD DAVIS
                                  Assistant District Attorney General
                                  P.O. Box 937
                                  Franklin, TN 37065-0937



OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Petitioner, Stanley Harville a/k/a Stanley Salahuddin, appeals the trial court's denial of his petition to correct his sentence without a hearing. His sole issue on appeal is that the trial court erred in summarily dismissing his petition. We affirm the judgment of the trial court.

The Petitioner was convicted on February 23, 1987, of assault with intent to commit murder in the first degree. His conviction was affirmed by this Court in an opinion filed on August 17, 1989. <u>State v. Robert Williams and Stanley Harville a/k/a Stanley Salahuddin</u>, C.C.A. No. 88-125-III, Hickman County (Tenn. Crim. App., Nashville, Aug. 17, 1989), <u>perm. to appeal denied</u> (Tenn. 1989). The Petitioner filed his first petition for post-conviction relief on September 12, 1991. A second petition was filed on December 20, 1991. The trial court summarily dismissed the petition and this Court affirmed the decision on November 18, 1992. <u>King T.K. Salahuddin a/k/a Stanley Harville v. State</u>, C.C.A. No. 01C01-9205-CC-00160, Hickman County (Tenn. Crim. App., Nashville, Nov. 18, 1992), <u>perm. to appeal denied</u> (Tenn. 1993). The Petitioner subsequently filed a petition for writ of habeas corpus, which was also denied by the trial court and affirmed by this Court. <u>State of Tennessee, ex rel. King Salahuddin, a/k/a Stanley Harville v. Fred Raney, Warden</u>, C.C.A. No. 02C01-9405-CC-00085, Lauderdale County (Tenn. Crim. App., Jackson, Oct. 19, 1994).

In his latest challenge, the Petitioner filed a petition to correct his sentence. He argues that the sentencing court originally set a sentence of twenty years to

run concurrently with the sentence he was already serving in the Department of Correction. The Petitioner was present at the sentencing hearing. The sentence and the corresponding order were changed that same day to reflect a life sentence to be served consecutively to the sentence the Petitioner was serving. He argued that the trial court impermissibly altered his sentence when he was not present and asked that the sentence be changed to reflect the original twenty-year concurrent sentence. The trial court considered the petition, reviewed the audio transcript of the Petitioner's sentencing hearing and determined that the sentencing court had made an error and had corrected the error to reflect a sentence for life to run consecutively to the prior sentence. The trial court denied the petition.

In this appeal, the Petitioner includes copies of two judgment forms completed on the day he was sentenced, a letter indicating that there had been some confusion, and excerpts from the sentencing hearing. The Petitioner raises his claim based on two rules of criminal procedure. Rule 35(b) of the Tennessee Rules of Criminal Procedure provides for the correction or reduction of a sentence.

> Reduction of Sentence. The trial court may reduce a sentence upon application filed within 120 days after the date the sentence is imposed or probation is revoked. No extensions shall be allowed on the time limitation. No other actions shall toll the running of this time limitation. A motion for reduction of sentence under this rule may be denied by the trial judge without a hearing. If the application is denied, the defendant may appeal but the defendant shall not be entitled to release on bond unless the defendant is already under bond. If the sentence is modified, the state may appeal as otherwise provided by law. A modification can only be as to any sentence the court could have originally imposed.

The Petitioner argues that the trial court should consider his petition to reduce his sentence despite the 120 day limit to file the claim because he did not

discover the discrepancy until much later. The Petitioner does not indicate when he discovered the alleged error, yet the record reflects he filed his petition on December 4, 1996. However, the rule specifically states that "no other actions shall toll the running of this time limitation." Furthermore, the Petitioner cites no authority for his "discovery" rule proposition. The Petitioner filed his request far beyond the 120 days provided for in the rule, thus making him ineligible for a reduction of his sentence pursuant to Rule 35(b)[1].

The Petitioner also argues that Rule 36 of the Tennessee Rules of Criminal Procedure allows for a correction of the sentence at any time. "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Tenn. R. Crim. P. 36. The Petitioner claims that he should have been provided a hearing to explore why his sentence was increased.

However, the trial court reviewed the complete transcript of the trial and sentencing hearing and determined that the trial court made an error and corrected the judgment to reflect the intended sentence for the Petitioner. In the order, the trial judge stated:

> The court has had the court reporter review the original audio tapes of petitioner's trial and sentencing. The transcript page cited by the petitioner simply contains an error. At the time of sentencing the trial court did find that the sentences were to run consecutively rather than concurrently. Therefore, the amended judgment order entered by the trial court at that time is correct. There is no other change that needs to be made.

[1] The Petitioner argues that he learned of the more lenient sentence only recently, but the record belies this contention. The opinion on the Petitioner's direct appeal clearly states that the sentence imposed was a consecutive life sentence. Thus, the Petitioner was "on notice" of the discrepancy as early as August 17, 1989.

Petitioner is currently serving a term of life imprisonment consecutive to the prison sentence he was serving at the time the underlying crime was committed.

The trial judge concluded that the Petitioner's allegations merited no further action and denied the petition without a hearing. The findings of a trial judge on factual issues have the weight of a jury verdict, and these findings will not be set aside unless the evidence preponderates against them. State v. White, 939 S.W.2d 113, 116 (Tenn. Crim. App. 1996); State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981). From the evidence before us on appeal, we cannot conclude that the evidence preponderates against the trial court's findings. The record does not support the Petitioner's claim for relief.

Therefore, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOSEPH M. TIPTON, JUDGE

_____
JOE G. RILEY, JUDGE