IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

July 2, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | NO. 01C01-9703-CR-00094 |
| Appellee | ) | |
| | ) | PICKETT COUNTY |
| v. | ) | |
| | ) | HON. JOHN A. TURNBULL |
| DAVID L. HATHAWAY | ) | |
| | ) | (D.U.I.) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Phillips M. Smalling
Hassler & Smalling
P.O. Box 340
Byrdstown, TN. 38549

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
2d Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0493

William E. Gibson
District Attorney General

Anthony J. Craighead
Assistant District Attorney
145 South Jefferson
Cookeville, TN. 38501-3424

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, David L. Hathaway, appeals as of right his conviction in the Criminal Court of Pickett County. After a bench trial, he was convicted of driving under the influence of an intoxicant ("D.U.I.") and was sentenced to a suspended term of six (6) months and one (1) hour in the county jail. The trial court revoked appellant's driver's license for one (1) year and ordered him to serve forty eight (48) hours in jail. Appellant was also ordered to pay a $350 fine.

On appeal, the appellant challenges the admissibility of the results of his breathalyser examination and the sufficiency of the convicting evidence. After a review of the record, we affirm the judgment of the trial court.

At approximately 9:30 p.m., on May 5, 1995, the appellant left "Moogie's" restaurant in Pickett County and drove his pickup truck down a gravel road approaching Highway 111. State Trooper Gilbert Lee and officers from the Pickett County Sheriff's Department were setting up a nearby road block on Highway 111 as it enters Obey State Park. Trooper Lee approached the appellant's vehicle on foot as appellant waited to turn right onto the highway. Trooper Lee testified that his only reason for stopping the appellant was to check his driver's license. According to Trooper Lee, the appellant had not shown any signs of intoxication while driving down the gravel road.

When Trooper Lee spoke to the appellant through the truck window, he smelled a strong odor of alcohol. The trooper asked appellant for his driver's license and asked if he had consumed any alcoholic beverages that evening. The appellant responded that he had drank "a couple of three beers" at Moogie's restaurant while eating dinner and he volunteered to step out of the truck to obtain his driver's license.

Trooper Lee observed the appellant as he exited the truck and noticed that appellant had trouble walking steady and maintaining his balance. In addition, the appellant's speech was slurred and he fumbled through his billfold while trying to locate his license. Based upon those observations, Trooper Lee asked the appellant

2

to participate in a field sobriety test. Trooper Lee testified that the appellant ignored his request and focused entirely upon the safety of his truck, in the event of his arrest. As other police officers arrived onto the scene, Trooper Lee arrested the appellant for D.U.I. and made arrangements for him to be transported to the Pickett County jail. No field sobriety test was conducted.

Officer Scott Stephens from the Pickett County Sheriff's Department escorted appellant to the local jail. He testified that the appellant appeared to have been drinking based upon the odor of alcohol on his breath, his slurred speech, his glassy eyes, and his unstable walk. Officer Stephens left the appellant in the custody of Officer Billy Harmon, who conducted a breathalyser examination. Officer Harmon observed the appellant at the jail and noted that the appellant had slurred speech, an unsteady walk, and an odor of alcohol. The results of the breath test revealed that the appellant had a blood alcohol level of 0.16 percent.[1]

The appellant testified in his own defense that although he had consumed alcohol that evening, he could safely operate his vehicle. He admitted that he drank four beers during the two hours he spent at Moogie's restaurant. However, he stated that it was customary for him to drink beer with dinner and that it did not impair his ability to drive. Two patrons at Moogie's restaurant, Denise Wilkerson and Denise Musgrave, both testified for the defense that they observed the appellant drinking beer at the restaurant. They testified that the appellant often dined there and enjoyed beer with his meals.[2] In their opinion, the appellant did not appear to be intoxicated when he left the restaurant on the evening of his arrest.

In an attempt to reconcile the apparent conflicts in the testimony of the witnesses, the trial court noted that whether the appellant appeared to be intoxicated was a separate question from whether he was driving while under the influence of an

---

[1] The breath test was conducted on the Intoximeter 3,000.

[2] Both Denise Wilkerson and Denise Musgrave worked at Moogie's restaurant and had seen the appellant there in the past. They both testified that they were not working, but were eating at the restaurant on the night of appellant's arrest.

intoxicant. Relying upon the officers' observations and the results of the breathalyser examination, the trial court concluded that the appellant was guilty of D.U.I..

The appellant first contends that the results of the breath test should not have been admitted into evidence. He argues that Officer Harmon failed to properly observe him for twenty (20) minutes before conducting the test.[3]

This issue is without merit.

The appellant correctly states that the officers were required to observe him for twenty (20) minutes prior to administering the breathalyser examination. See State v. Sensing, 843 S.W.2d 412, 417-18 (Tenn. 1992). The twenty (20) minute observation period is part of the forensic services instruction, provided by the Tennessee Bureau of Investigation, to ensure that the accused does not vomit, smoke, belch, or put any substance into his mouth that would disturb the findings of the breath test. See id. at 417. If the prosecution cannot establish that the defendant was observed for the requisite twenty (20) minutes, then the test results are inadmissible at trial. See State v. McCaslin, 894 S.W.2d 310, 312 (Tenn. Crim. App. 1994).

In this case, the appellant points to the dispatcher time log at the Sheriff's Department to show that Officer Harmon did not observe him for twenty (20) minutes before administering the breath test. The time log reflects that Officer Harmon took custody of the appellant sometime after 9:40 p.m.. The time reflected on the intoximeter indicates that the breath test was administered at 10:00 p.m.. Officer Harmon testified that he did not follow the time kept at the Sheriff's Department or the time on the intoximeter, but instead conducted a twenty (20) minute observation of appellant in accordance with the time on his wrist watch.[4] He stated that his wrist watch was not synchronized with other clocks at the police department.

---

[3]The appellant filed a pre-trial motion to suppress the blood alcohol evidence; however, the trial court denied the motion upon finding that Officer Harmon complied with the observation requirement.

[4]Officer Harmon testified that during the twenty (20) minute observation, the appellant did not vomit, smoke, belch, or put anything into his mouth.

4

The trial court noted that by not synchronizing the time pieces at the Sheriff's Department, the time on Officer Harmon's wrist watch may have been different from that in the police records. The court accredited the testimony of Officer Harmon and ruled that the observation requirement was satisfied.

In determining the admissibility of blood alcohol evidence, the trial court must find by a preponderance of the evidence that the Sensing requirements are met. See State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996); State v. Jerry Wayne Edison, No. 03C01-9605-CC-00199 (Tenn. Crim. App. at Knoxville, June 18, 1997), app. granted (Tenn., Mar. 9, 1998). The trial court's decision to admit the blood alcohol evidence is presumed to be correct and will not be overturned on appeal unless the evidence preponderates otherwise. Odom, 928 S.W.2d at 22-23.[5]

We conclude that the trial court did not err in admitting the results of appellant's breathalyser examination. The trial court accepted Officer Harmon's testimony and determined that he properly observed the appellant before administering the test. Questions concerning the weight and value of the evidence and resolution of conflicts in the proof are matters entrusted to the trial judge as the trier of fact. See Odom, 928 S.W.2d at 23; State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). We defer to the trial court's findings in that respect and conclude that the evidence does not preponderate against the decision to admit the blood alcohol proof.

The appellant next contends that the evidence was insufficient as a matter of law to sustain his D.U.I. conviction. He argues that without the blood alcohol evidence, the State failed to prove that he was driving under the influence of an intoxicant. This issue is without merit.

---

[5]But see State v. Jerry Wayne Edison, slip op. at 11-12, in which the majority of a panel of this Court opined that breathalyser evidence is closely akin to expert testimony. As such, the majority in Edison concluded that the admission of breathalyser results should be reviewed under an abuse of discretion standard. See slip op. at 12. Although in appellant's case, we adhere to the preponderance of the evidence standard in Odom, we note that the trial court's decision would be affirmed under the abuse of discretion standard.

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record, including all reasonable and legitimate inferences which may be drawn therefrom. See Cabbage, 571 S.W.2d at 835.

Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact, not this Court. See id. A guilty verdict rendered by the trial judge[6] accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973); State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

On appeal, the appellant has the burden of demonstrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact. This Court will not disturb a verdict of guilty for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In this case, the trial judge found that the appellant was guilty of driving a motor vehicle while under the influence of an intoxicant. Tenn. Code Ann. § 55-10-401(a) (Supp. 1994). The judge based his conclusion upon appellant's 0.16 percent blood alcohol level and the testimony of the three police officers. The appellant concedes that with the breathalyser evidence, there was sufficient proof to sustain his conviction.

---

[6]Although this case involved a bench trial, the findings of the trial judge who conducted the proceedings carry the same weight as a jury verdict. See State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

Under Tennessee Code Annotated section 55-10-408(b) (Supp. 1994), evidence that the defendant had a blood alcohol level of .10 percent or more, at the time alleged, creates a presumption that the defendant was under the influence of an intoxicant. As previously addressed, there was no error in the admission of appellant's blood alcohol level in this case.

Moreover, the appellant admitted at trial that he had consumed four beers in the span of two hours while eating dinner at Moogie's restaurant. Trooper Lee, Officer Stephens, and Officer Harmon all testified that the appellant had slurred speech, an unsteady walk, and an odor of alcohol after he left the restaurant.

We have reviewed the evidence and conclude that the trial court was justified in finding beyond a reasonable doubt that the appellant was guilty of D.U.I.. The appellant has failed to carry his burden of demonstrating otherwise.

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
CURWOOD WITT, JUDGE