IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

FEBRUARY 1998 SESSION

FILED

July 22, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 01C01-9705-CC-00189 |
| Appellee | ) | |
| | ) | WILLIAMSON COUNTY |
| v. | ) | |
| | ) | Hon. Henry Denmark Bell |
| ROY D. LEACH | ) | |
| | ) | (D.U.I.) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Virginia Lee Story
136 Fourth Avenue South
P.O. Box 1608
Franklin, TN. 37065

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Karen M. Yacuzzo
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN. 37243-0493

Joseph D. Baugh, Jr.
District Attorney General
Williamson County Cthse.
Suite G-6, P.O. Box 937
Franklin, TN. 37065-0937

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Roy D. Leach, appeals as of right his conviction in the Circuit Court of Williamson County. After a bench trial, the appellant was convicted of driving under the influence of an intoxicant and was sentenced to eleven (11) months and twenty nine (29) days in the county jail. The trial court ordered the sentence to be suspended for a term of probation upon the service of forty eight (48) hours in jail. Additionally, the appellant's driver's license was revoked for one (1) year and he was ordered to pay a three hundred and fifty ($350) dollar fine.

On appeal, the appellant challenges the sufficiency of the convicting evidence. We affirm the judgment of the trial court.

Around midnight on July 10, 1996, the appellant was stopped by Deputy Deborah Rogers of the Williamson County Sheriff's Department after she observed him weaving in traffic with his headlights turned off. Deputy Rogers testified that she approached the appellant's truck and noticed an odor of alcohol on his breath. She informed the appellant that she had noticed him veering in the road and he admitted that he had been drinking alcoholic beverages earlier in the evening.

Deputy Rogers conducted three field sobriety tests on the appellant. The first test was the horizontal gaze nystagmus ("HGN") test in which the appellant was required to follow the movement of the deputy's finger with his eyes.[1] According to Deputy Rogers, the appellant failed the test because he could not follow the movement of her finger. Instead, his eyes made jerking movements and displayed signs of intoxication.

Deputy Rogers provided the only testimony concerning the appellant's HGN test. Although not raised by either party on appeal, our supreme court has recently

---

[1]Nystagmus is an involuntary jerking movement of the eye as it attempts to focus on a fixed point or as it moves from side to side. The unsteady motion results from the body's attempt to maintain orientation and balance. See State v. Murphy, 953 S.W.2d 200, 202 (Tenn. 1997)(citing State v. Cissne, 865 P.2d 564, 566 (1994)). "The theory behind the [HGN] test is that there is a strong correlation between the amount of alcohol a person consumes and the angle of onset of nystagmus." Murphy 953 S.W.2d at 202 (quoting State v. Witte, 836 P.2d 1110, 1112 (1992)(quoting Carper & McCamey, *Gaze Nystagmus*: *Scientific Proof of DUI?*, 777 **III.B.J.** 146, 147 (1988))).

held that testimony concerning the HGN test constitutes "scientific, technical, or other specialized knowledge." See State v. Murphy, 953 S.W.2d 200, 203 (Tenn. 1997). As such, it must be offered through a qualified expert witness in accordance with Rules 702 and 703 of the Tennessee Rules of Evidence. Id.

In this case, Deputy Rogers was not qualified as an expert on how alcohol consumption affects eye nystagmus. However, we conclude that any error in that regard was harmless beyond a reasonable doubt. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a). The remaining evidence against the appellant was sufficient to warrant his conviction.

The second field sobriety test was the "walk and turn." Using lines on the parking lot, Deputy Rogers ordered the appellant to walk heel-to-toe in a straight line for nine steps before turning around and returning in the same manner. Deputy Rogers testified that she explained the test to the appellant; however, he was unable to successfully complete it. The appellant had trouble maintaining balance, he failed to walk heel-to-toe, and he stopped several times to be reminded how to finish the test.

The final test was the "one-leg stand." Deputy Rogers testified that before administering the test, she followed her customary procedure of asking the suspect about any existing leg or back ailments. She stated that the appellant made no complaints of any existing physical problems and attempted three times to complete the test. According to Deputy Rogers, the appellant repeatedly put his other leg down and on one occasion, told the deputy that the test was too difficult.

In addition, Deputy Rogers observed the appellant's demeanor during the field sobriety tests. She testified that the appellant had trouble remembering the test instructions and, at times, appeared both nervous and aloof. She stated that at one point, the appellant began to turn and walk away while she was explaining a test to him. From her observations, she determined that the appellant was intoxicated and arrested him for D.U.I..

3

Deputy Rogers testified that she informed the appellant about the optional blood/alcohol and breath examinations. The appellant, however, declined both tests, claiming that he had not been drinking. Deputy Rogers initially testified that she took the appellant to the local jail when he refused the blood and breath exams. She later recalled that she first took the appellant to a nearby hospital before he was transported to jail.

The appellant testified in his own defense that he was returning from a fishing trip when Deputy Rogers conducted the traffic stop. According to the appellant, he was not driving with his lights off and he never admitted to consuming alcoholic beverages. He further disputed the deputy's testimony concerning the manner of his dress[2] and the manner in which she conducted the sobriety tests. The appellant testified that Deputy Rogers conducted the HGN eye test with a pen instead of her finger, and he stated that the deputy never questioned him about any physical problems before he performed the "one-leg stand" test.

The appellant further testified that after his arrest, Deputy Rogers transported him to a nearby hospital for a blood test. The appellant signed an implied consent form at the hospital, but did not take the blood test. He testified that instead, he requested to take a breathalyser, but the deputy refused to administer that exam. The appellant stated that he had not been drinking and that, in his opinion, he successfully completed each of the field sobriety tests.

The appellant's cousin, Michael Carter, testified for the defense that he had been with the appellant from 8:30 p.m. that evening until approximately midnight. Mr. Carter testified that he did not see the appellant drink alcoholic beverages and that appellant did not smell of alcohol. He further stated that the appellant did not show any signs of intoxication when appellant parked a fishing boat between two cars that

---

[2]Deputy Rogers testified that the appellant was wearing a tank top, long pants, and hiking boots on the evening of the arrest. In contrast, the appellant stated that he was wearing a brown T-shirt, short pants and tennis shoes.

4

evening. However, Mr. Carter admitted that he was working on a car while he was with the appellant and that he did not closely observe appellant's actions.

In considering the above evidence, the trial judge noted that the case turned on the credibility of the witnesses. The trial judge accredited the testimony of Deputy Rogers and found the appellant guilty of D.U.I..

The appellant contends that the testimony of Deputy Rogers alone is insufficient to support his conviction of D.U.I.. He argues that her testimony was impeached by alleged inconsistencies and by his own testimony at trial. The trial court noted the conflicting testimony between Deputy Rogers and the appellant and chose to accredit the deputy's testimony. That determination is accorded substantial deference on appeal and will not be reweighed or re-evaluated by this Court. See State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).[3]

From the record, we conclude that the evidence was sufficient for a rational trier of fact to convict the appellant of D.U.I.. The appellant has failed to carry his burden of demonstrating otherwise.

Accordingly, the judgment of the trial court is affirmed.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
J. CURWOOD WITT, JR., JUDGE

---

[3]Although this case involved a bench trial, the findings of the trial judge who conducted the proceedings carry the same weight as a jury verdict. See State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981). A guilty verdict rendered by a jury accredits the State's witnesses and a presumption of guilt replaces the presumption of innocence. See State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).