**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**JULY 1998 SESSION**

**FILED**

**September 24, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 02C01-9707-CC-00283 |
| | ) | |
| vs. | ) | Lauderdale County |
| | ) | |
| **JAMIE WALKER,** | ) | Hon. Joseph H. Walker, Judge |
| | ) | |
| Appellant. | ) | (Statutory Rape - Certified Question) |

FOR THE APPELLANT:

**CHARLES P. RONEY**
Attorney at Law
P.O. Box 542
Union City, TN  38282-0542

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
425 Fifth Ave. N., 2d Floor
Nashville, TN  37243-0493

**ELIZABETH T. RICE**
District Attorney General

**MARK DAVIDSON**
Asst. District Attorney General
P.O. Box 562, 302 Market St.
Somerville, TN 38068

**OPINION FILED:**_____

**AFFIRMED**

**CURWOOD WITT, JUDGE**

## OPINION

The defendant, Jamie Walker, entered best-interest guilty pleas[1] to three counts of statutory rape in the Lauderdale County Circuit Court. With the consent of the state and the trial court, he reserved the certified question of whether the trial court correctly determined he was competent to stand trial. Thereafter, he perfected his appeal to this court, and that certified question is now before us for consideration. After studying the record and the briefs of the parties, we have determined (1) that the certified question is properly before us, and (2) the trial court did not abuse its discretion in ruling the defendant was competent to stand trial. Accordingly, we affirm the judgment of the trial court.

The defendant is a mildly mentally retarded adult. After the initiation of the proceedings against him, he was examined by two licensed psychologists. The trial court then conducted a hearing on the issue of competency. The defense expert opined that the defendant was not competent to stand trial. He admitted the defendant fell into a "gray area." The state's expert opined the defendant was competent; however, he testified "it was somewhat borderline and marginal[.]" In an order finding specific facts related to the defendant's competence, the trial court ruled, "[A]lthough the defendant is marginally competent . . . he is competent sufficient to address the issue of the charge against him."

After the competency hearing, the defendant entered his guilty pleas subject to the certified question of the propriety of the trial court's determination of competency. In a well-drafted pleading, the defendant set forth the certified question and the corollary information required by State v. Preston, 759 S.W.2d 647

---

[1]In North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970), the United States Supreme Court held that a criminal defendant may enter a guilty plea without admitting guilt if the defendant intelligently concludes his best interests would be served by a plea of guilty.

(Tenn. 1988) and State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). This pleading was incorporated by reference in the guilty plea document, which noted, "Defendant reserves the right to appeal the certified issue of law attached hereto and agreed upon and consented to by the defendant, trial judge and State of Tennessee." Thereafter, a sentencing hearing was held, and each judgment entered reflects the notation "certified question of law." The trial court ordered that the previously filed statement of the certified question be attached to the judgment forms; however, it does not appear as an attachment to the judgments in the technical record.

# I

As a threshold issue, the state questions whether the certified question is properly before the court. The state finds a fatal deficiency in the absence of the statement of the certified question in the judgment forms.[2] We disagree.

Our supreme court has recently addressed the proper procedure for preserving a question of law under Rule of Criminal Procedure 37(b)(2). In State v. Pendergrass, 937 S.W.2d 834, the court reiterated its admonitions from State v. Preston, 759 S.W.2d 647:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court and otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal *must contain a statement of the dispositive certified question of law reserved* by the defendant for appellate review and the question of law must be *stated so as to clearly identify the scope and the limits of the legal issue reserved.* For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by the defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be

---

[2]The defendant elected not to file a reply brief addressing this issue. We presume he opposes dismissal of his appeal on this basis.

limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn.R.Crim.P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Pendergrass, 937 S.W.2d at 836-37 (quoting Preston, 759 S.W.2d at 650) (emphasis added in Pendergrass). The Pendergrass court also observed that the Preston prerequisites would be met if the final judgment referred to or incorporated "any other independent documents which would satisfy the Preston requirements." Pendergrass, 937 S.W.2d at 837.

In the case at bar, the defendant thoroughly summarized the certified question and other pertinent information in a pleading entitled "Certified Question of Law." The plea agreement was prepared with specific reference to the certified question and the consent of the state and the trial court. The judgments reflect the notation "certified question of law." As reflected in the transcript of the sentencing hearing contained in the appellate record, the trial court ordered that the certified question pleading be attached to the final judgments. Although the certified question pleading is not attached to the judgments in the technical record, it appears elsewhere in the technical record and bears a file stamp with the same date to which the trial court referred in ordering its attachment to the judgments. Although it is a better practice for the appellant to take care that any incorporated documents are physically attached to the judgment when so ordered by the trial

4

court, we hold in this case that the defendant has properly certified his question to this court consistent with the requirements of Preston and Pendergrass. See Pendergrass, 937 S.W.2d at 836-37; State v. Ricky Gene Wilkerson, No. 01C01-9708-CR-00362, slip op. at 2 (Tenn. Crim. App., Nashville, May 22, 1998) (Rule 20 Order) (certified question properly before the court where final judgments incorporate by reference the agreed orders setting forth the certified question).

## II

Thus, we turn to the primary issue on appeal -- whether the trial court properly determined that the defendant was competent to stand trial. The defendant argues that the expert evidence presented by his expert is more definitive and persuasive than the "speculative" testimony offered by the state's expert.

When a trial court conducts a hearing, it has the opportunity to see and hear the witnesses and their conflicting testimony. On appeal, the trial court's findings have the weight of a jury verdict. State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981). When this court reviews the trial court's finding that a defendant is competent to stand trial, the question is whether the evidence preponderates against the trial court's determination. State v. Benton, 759 S.W.2d 427, 431 (Tenn. Crim. App. 1988).

In the case at bar, both expert witnesses agreed that the question of the defendant's competency to stand trial was a close one. The state's witness opined that the defendant's competence was "somewhat borderline and marginal." The witness said the defendant is "coachable" in the areas of competency in which he is weak, and with some extra work by defense counsel, the defendant could be improved in those areas. Ultimately, however, the state's expert opined that the defendant is competent for trial. In comparison, the defendant's expert witness

testified that the defendant has "intellectual limitations as a result of physical problems" as opposed to mental illness. As such, the defendant's mental status will not improve in the future. He opined that the defendant is incompetent. Specifically, the defendant is deficient in his ability to assist his attorney and understand the consequences of a finding of guilt. He agreed with the state's expert that certain aspects of the proceedings could be explained to the defendant as the process unfolded.

At the conclusion of the hearing, the trial court found that the defendant has some problems in understanding some aspects of the proceedings against him and some problems with assisting counsel, but these limitations do not rise to the level necessary for a finding of incompetency. Furthermore, the trial court found the defendant understood the nature of the accusations. As such, the trial court found the defendant competent for trial.

This case presents a typical "battle of the experts." Unfortunately for the defendant, the trial court weighed the testimony of the state's expert more heavily than that of the defense expert. The trial court addressed the essential differences between the state's evidence and defense evidence in its findings of fact. It resolved these issues adversely to the position advanced by the defendant. On appeal, the defendant has not convinced us that the evidence preponderates against the trial court's determination of competency.

The judgment of the trial court is affirmed.

_____
CURWOOD WITT, JUDGE

6

CONCUR:


_____
JOE G. RILEY, JUDGE


_____
ROBERT W. WEDEMEYER, SPECIAL JUDGE