IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

AUGUST SESSION, 1998

FILED

September 30, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9708-CR-00336 |
| | ) | |
| Appellee, | ) | |
| | ) | DAVIDSON COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CHERYL BLACKBURN, |
| WILLIAM BRADLEY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (HARASSMENT) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

CHARLES GALBREATH                     JOHN KNOX WALKUP
901 Stahlman Building                 Attorney General & Reporter
Nashville, TN  37201
                                      TIMOTHY F. BEHAN
                                      Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
                                      425 Fifth Avenue North
                                      Nashville, TN  37243

                                      VICTOR S. JOHNSON, III
                                      District Attorney General

                                      ROGER MOORE
                                      Assistant District Attorney General
                                      Washington Square
                                      222 Second Avenue North, Suite 500
                                      Nashville, TN  37201-1649

OPINION FILED _____

CONVICTION AND SENTENCE AFFIRMED;
REMANDED FOR ENTRY OF NEW ORDER

THOMAS T. WOODALL, JUDGE

# OPINION

William Bradley, the Defendant, appeals as of right from his conviction for harassment. In December 1995, Defendant was charged with harassment. He was tried and convicted in General Sessions Court, but appealed to the Criminal Court of Davidson County for a trial de novo. After waiving his right to a trial by jury, Defendant pled not guilty. The trial court found the Defendant guilty and sentenced him to eleven (11) months, twenty-nine (29) days. Defendant was to serve his sentence on unsupervised probation pursuant to the provisions of Tennessee Code Annotated section 40-35-313. In his appeal, Defendant argues the evidence was insufficient to convict the Defendant of harassment and that hearsay evidence was improperly admitted. We affirm the conviction and sentence, but remand to the trial court for a withdrawal of the judgment of guilty and entry of an order in compliance with Tennessee Code Annotated section 40-35-313.

While there is not a transcript of the proceedings at trial, pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure a statement of the evidence was filed in the record. The Defendant first submitted a statement of the evidence, but the State filed an objection to portions of this. As a result, the trial court provided the statement including the testimony of David Beard, the Defendant, Susan Ramey, the Defendant's wife, and a local attorney.

David Beard testified that he is the manager of a mattress store in Bellevue Mall in Nashville. Beard identified the Defendant as a customer of the store who

purchased a Tempera Pedic mattress on June 25, 1996. The Defendant drove to Lexington, Kentucky, to pick up the mattress. Beard's store has a sixty (60) day return policy with no questions asked and the sale price returned to the customer. On November 30, 1996, the Defendant called Beard and asked for a refund for the mattress due to his dissatisfaction. Beard explained that no money would be refunded as the sixty (60) day period had expired. Defendant was upset and called several more times the next week refusing to accept Beard's explanation of the store's return policy. Defendant then called Beard's supervisor. Finally, Beard advised Defendant that he could not help him and to stop calling his store.

Defendant and his wife, Susan Ramey, continued to repeatedly call the store, often calling back immediately after the prior telephone call. Defendant believed that this mattress was purchased under a six (6) month same as cash policy. During one continuing phone conversation, Defendant threatened Beard that he would "kick his ass." Beard stated that he was "shook up" and upset after this telephone call. Beard was then advised by his supervisors that Defendant had also made threatening and abusive calls to them. On cross-examination Beard admitted that he had exchanged mattresses with Defendant, and that this new mattress has a ten (10) year guarantee.

The Defendant testified that he did not make the telephone call threatening to "kick [Mr. Beard's] ass," but that George Wesley White made that telephone call. A copy of Defendant's telephone bill was entered as an exhibit which indicated multiple calls to Beard's Bellevue mattress store. On cross-examination, Defendant admitted

that White was calling upon his behalf when he threatened Beard. Defendant remembered calling on approximately three (3) occasions requesting his money back and looking for a replacement mattress. Defendant described his frustration in the inability to resolve the matter and felt shunned by Beard. After calling the corporate offices for assistance, Defendant was instructed to call the Bellevue store and Beard was often not available when Defendant called. In his estimation, Defendant telephoned Dave Fall with Tempera Pedic mattresses asking for a refund on seven (7) to ten (10) occasions.

Susan Ramey testified that she was present when Defendant telephoned the store and never heard Defendant threaten Beard. Ramey also telephoned Beard at least two (2) or three (3) times. Ramey was aware that White called and threatened to "kick [Mr. Beard's] ass," and that these calls were made at Defendant's request. Ramey was not present when the threatening telephone call was made as she works outside the home at Baptist Hospital.

An attorney in Waverly, Tennessee, testified that he has known Defendant all his life. Based upon Defendant's reputation, the attorney testified that he would afford Defendant "full faith and credit on his oath as a witness" and that he is not aware of any violent tendencies of the Defendant.

Following the conclusion of the bench trial, the trial court found Defendant guilty and sentenced him to serve eleven (11) months, twenty-nine (29) days of unsupervised probation pursuant to Tennessee Code Annotated section 40-35-313.

Defendant filed a motion for new trial, but the trial court ruled against the motion. Specifically, the trial court "heard the proof in this case and was convinced beyond a reasonable doubt that the [D]efendant was guilty of violation of T.C.A. § 39-17-308 by making offensively repetitious telephone calls which knowingly annoyed or alarmed the victim."

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas. 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). This case involved a bench trial, and the findings of the trial court who conducted the

proceedings carry the same weight as a jury verdict. State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

A person commits the offense of harassment when he intentionally: (1) threatens, by telephone or in writing, to take action known to be unlawful against any person, and by this action knowingly annoys or alarms the recipient; or (2) places one (1) or more telephone calls anonymously, or at an inconvenient hour, or in an offensively repetitious manner, or without a legitimate purpose of communication, and by this action knowingly annoys or alarms the recipient. Tenn. Code Ann. § 39-17-308(a)(1) and (2). A violation of this offense is a Class A misdemeanor. Tenn. Code Ann. § 39-17-308(b). Testimony demonstrated that Defendant repeatedly called Beard, even after being instructed to stop calling and that nothing more could be done to assist the Defendant. Beard testified that Defendant threatened that he would "kick his ass," which upset Beard and "shook him up." While Defendant's testimony conflicts with that of Beard's as to who issued the threats, the trial court resolved all factual issues raised by the evidence. Pappas, 754 S.W.2d at 623. This court will not reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. Notwithstanding the threatening nature of the telephone calls, Defendant's testimony that he repeatedly called Beard, who was knowingly alarmed and asked Defendant to stop calling, is sufficient for a reasonable trier of fact to have found beyond a reasonable doubt all the elements necessary to convict the Defendant of harassment. This issue is without merit.

Defendant also contends that hearsay testimony of others who told Beard that Defendant had made harassing telephone calls to them was inadmissible. Beard testified that his supervisors advised him that Defendant had also made abusive and threatening telephone calls to them. There is no record that Defendant objected to this testimony at trial. Failure to make a contemporaneous objection waives consideration by this court of the issue on appeal. Tenn. R. App. P. 36(a).

Even considering the issue on its merits, the trial court stated in its order overruling Defendant's motion for a new trial that its decision was based only on "relevant, admissible evidence." The trial court specifically noted that it "can separate the 'wheat from the chaff' in considering the testimony of witnesses." Hearsay evidence is not admissible as evidence unless it falls within a number of exceptions as provided by Rules 803 and 804 of the Tennessee Rules of Evidence. Tenn. R. Evid. 802. Even if the statements to which Defendant refers were not admissible as exceptions under Rules 803 and 804, any error in admitting these statements in a bench trial is harmless. As the trial court stated within its order denying Defendant's motion for a new trial, the court's decision was based on "relevant, admissible evidence" and the court "is still convinced the defendant is guilty beyond a reasonable doubt." After considering the entire record in the case sub judice, we are satisfied that if there was error, it was harmless. Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a).

Defendant was sentenced to eleven (11) months, twenty-nine (29) days to be served on unsupervised probation pursuant to Tennessee Code Annotated section

40-35-313, commonly known as the "judicial diversion" statute. Under this particular statutory scheme, when a defendant is found guilty or pleads guilty to a misdemeanor punishable by imprisonment or a Class C, D, or E felony, and the defendant has not been previously convicted of a felony or a Class A misdemeanor, the trial court may "without entering a judgment of guilty," defer further proceedings and place the defendant on probation. Tenn. Code Ann. § 40-35-313(a)(1)(A). Notwithstanding the provision of this statute, the trial court entered a judgment of guilty in this case, however noting under "special conditions" on the judgment that he was sentenced pursuant to Tennessee Code Annotated section 40-35-313.

Since the explicit language of Tennessee Code Annotated section 40-35-313 provides that no "judgment of guilty" is to be entered when a defendant is placed on judicial diversion, an order reflecting the offense for which the Defendant has been found guilty, the length of the sentence, the classification of the offense, and all other necessary information pursuant to the sentencing statutes, other than a judgment of guilty, should be entered by the trial court. The judgment filed in this case is incorrect and it is therefore necessary to remand this matter to the trial court for the judgment entered to be vacated and for a proper order pursuant to the provisions of Tennessee Code Annotated section 40-35-313 to be entered.

We therefore affirm the conviction and sentence, but remand this case for the trial court to vacate its judgment of June 2, 1997 and for the entry of an order in compliance with the specific provisions of Tennessee Code Annotated section 40-35-313.

_____
THOMAS T.  WOODALL, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L. T. LAFFERTY, Special Judge