IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. HENRY B. BASON

**Appeal from the Circuit Court for Blount County**
**No. C-12792      D. Thomas Kelly, Jr., Judge**

**No. E2000-02276-CCA-R3-CD**
**October 1, 2001**

The defendant, Henry B. Bason, appeals from his conviction for disorderly conduct, contesting the sufficiency of the evidence.  We affirm the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Raymond Mack Garner, District Public Defender, and George H. Waters, Assistant District Public Defender, for the appellant, Henry B. Bason.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; Michael L. Flynn, District Attorney General; and William R. Reed, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

After a bench trial, the trial court found the defendant guilty and sentenced him to thirty days in jail.  The defendant contends that the evidence is insufficient to support his conviction.

Officer Ronnie Reagan of the Blount County Sheriff's Department testified that before this incident, property owners complained that the defendant was trespassing on their land.  He said that he went to the property, found the defendant, and told him that he could not stay there.  He said that the defendant told him that he would be gone the next day by noon.  Officer Reagan said that several days later, a landowner called him and said that the defendant was still present on the property.  He said that he went to the site and saw the defendant leave the woods and walk to the edge of River Ford Road.  Officer Reagan testified that he pulled his patrol car off the road and turned on his blue lights.  He said that the area was congested with traffic.  He said that he got out of the car and that he and the defendant walked toward each other.

Officer Reagan testified that he told the defendant he was trespassing. He said that he offered to give the defendant a ride to the county line, a homeless shelter, or wherever he needed to go. He said that the defendant, who was standing five to six feet away from him, immediately became enraged and began cursing, ranting, and raving. Officer Reagan said that he asked the defendant to calm down but that the defendant refused. He said the defendant threw his arms up in the air and screamed that he had a knife in his back pocket. He said that he warned the defendant that if he did not calm down, he would be arrested. Officer Reagan testified that he told the defendant to leave the knife where it was but that the defendant began going down into his pocket. He said that he warned the defendant again to leave the knife alone but that the defendant refused to stop. He stated that he drew his weapon and that the defendant immediately threw his hands up. He said that he told the defendant to lie down and that the defendant complied. Officer Reagan stated that he placed the defendant under arrest, handcuffed him, took the knife from his back pocket, and took him to the Blount County Justice Center. He testified that the defendant never took the knife out of his pocket or threatened to cut him but that the defendant cursed him all the way to jail.

The defendant stated that on March 17, 2000, he was living on some property along the Little River in Blount County. He said that earlier that day, he had been to the Veteran's Administration Out-Patient Clinic in Knoxville. He said that when he returned to his camp that afternoon, he untied his dog, and she ran up the road. He said that after his dog had been gone about five minutes, he walked up the road to look for her. The defendant said that he met Officer Reagan at the road and that the officer told him he was trespassing. He said that he told the officer he had permission to be on the land but that Officer Reagan told him that he would take the defendant to the county line or to jail. The defendant said that because his dog could not ride with him in the patrol car to the county line, he told the officer to take him to jail. He said he put his hands in the air because he thought he was under arrest. He stated that a couple of cars passed by and that Officer Reagan "started getting panicky." The defendant said that Officer Reagan drew his gun and asked him if he had any weapons. He said that he told the officer about a knife in his back pocket. After he denied reaching for the knife, the defendant stated that if he did reach for the knife, it was only to give it to the officer. He said that the officer made him lie down, handcuffed him, and took the Swiss Army survival knife from his pocket. He testified that he never lunged at or cursed the officer while he was being arrested but that he may have cursed Officer Reagan all the way to jail.

Based upon the foregoing, the trial court found the defendant guilty of violating Tenn. Code Ann. § 39-17-305(a)(1). The trial judge said:

> I think the action of the screaming and yelling and cussing and then repeatedly putting his hands down in his pocket where he already said the knife was located, where in fact the knife turned out to be located there, constitutes a person – or proof that a person was in a public place and intended to cause public annoyance. There were vehicles driving by and he engaged in threatening behavior.

The defendant contends that the evidence is insufficient to support his conviction for disorderly conduct. He argues that even if he reached toward the pocket that contained the knife, no proof exists that this conduct was violent or threatening and intended to cause public annoyance or alarm. The state contends that the evidence is sufficient. We agree with the state.

Our standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence but presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility were resolved by the trier of fact. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Although the defendant was convicted in a bench trial, the findings of the trial judge who conducted the proceeding carry the same weight as a jury verdict. State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

Disorderly conduct occurs when a "person . . . in a public place and with intent to cause public annoyance or alarm [e]ngages in fighting or in violent or threatening behavior." Tenn. Code Ann. § 39-17-305(a)(1). The defendant contends that he did not engage in threatening behavior because he did not pull out the knife, verbally threaten the officer, or commit any other overt act that demonstrated harm to Officer Reagan. As for what constitutes "threatening conduct" under § 39-17-305(a)(1), this court has held that the defendant's use of profane and insulting words combined with holding his clenched fist at his side and pointing his finger at a police officer was threatening conduct. See State v. Creasy, 885 S.W.2d 829, 831-32 (Tenn. Crim. App. 1994). In State v. Kenneth D. Melton, this court held that the defendant's cursing the officer and throwing his driver's license at the officer's chest also constituted threatening behavior. No. M1999-01248-CCA-R3-CD, Sumner County, slip op. at 7 (Tenn. Crim. App. Aug. 4, 2000). Creasy and Melton demonstrate that when a defendant curses an officer and takes some action that threatens physical assault on the officer, the defendant engages in threatening behavior. Considering these cases, when viewed in the light most favorable to the state, the evidence proves that the defendant engaged in threatening conduct.

When Officer Reagan told the defendant that he was trespassing and would have to leave, the defendant started screaming at and cursing him. In addition, the defendant told Officer Reagan that he had a knife in his back pocket and then reached into the pocket that contained the knife. Officer Reagan, who was standing five to six feet away from the defendant, told the defendant to leave the knife alone, but the defendant refused. It was only when the officer drew his weapon that the defendant took his hand out of his pocket. Although the defendant never took the knife out of his pocket or verbally threatened Officer Reagan with it, the defendant's cursing the officer, ranting and raving, and reaching into the pocket that contained the knife support the trial judge's ruling that the defendant engaged in threatening behavior.

Furthermore, the defendant acted with the intent to cause public annoyance or alarm. The defendant contends that evidence of cars passing by on the road as the incident took place is insufficient to prove that he acted with the intent to cause public annoyance or alarm. We agree. The defendant also argues that directing threatening conduct at an officer alone is not enough to show intent to cause public annoyance or alarm. However, we find nothing in the case law that supports this argument. The defendant directed his threatening behavior at a member of the public, Officer Reagan, and this was enough to satisfy the intent element of the statute. Finally, we note that this incident occurred on a public road. Therefore, the evidence is sufficient to convict the defendant of disorderly conduct.

Based upon the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
JOSEPH M. TIPTON, JUDGE