IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

FILED

September 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,           )
                              )
            Appellee,         )     No. 03C01-9710-CR-00484
                              )
                              )     McMinn County
v.                            )
                              )     Honorable R. Steven Bebb, Judge
                              )
JAMES A. BROWN,               )     (Three counts of sale of less than one-half
                              )      gram of cocaine)
                              )
            Appellant.        )


For the Appellant:                  For the Appellee:

Charles M. Corn                     John Knox Walkup
District Public Defender            Attorney General of Tennessee
110 ½ Washington Avenue                 and
Athens, TN 37303                    Clinton J. Morgan
                                    Assistant Attorney General of Tennessee
                                    425 Fifth Avenue North
                                    Nashville, TN 37243-0493

                                    Jerry N. Estes
                                    District Attorney General
                                        and
                                    Amy Reedy
                                    Assistant District Attorney General
                                    P.O. Box 647
                                    Athens, TN 37303


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

The defendant, James A. Brown, appeals as of right from his convictions following a bench trial of three counts of the sale of less than one-half gram of cocaine. The defendant, a Range II, multiple offender, was sentenced to six years for each offense, to be served concurrently in the custody of the Department of Correction. On appeal, the defendant contends that the evidence is insufficient to support his convictions. We affirm the judgments of conviction.

Heather Morris, an undercover drug agent for the Athens Police Department, testified that she began preparing for an undercover drug operation in Athens in July 1996. She testified that as part of her preparation, she was required to look through a box of photographs containing pictures of the people from whom she was likely to purchase drugs during the operation. She stated that she was required to look at these photographs every day throughout the operation. She further stated that she became familiar with the defendant's face by looking at his photograph. She testified that before she bought drugs on each occasion, her partner, Detective Bill Matthews, would drive through the area to see who was standing outside. She said that she would then meet Detective Matthews at a nearby park where she would put on an electronic recording device to record the drug transactions.

Officer Morris testified that on August 9 and 14, and September 27, 1996, she drove down Kilgore Street in Athens and stopped when she saw the defendant standing on the street. She stated that she asked the defendant for "a hundred," meaning one hundred dollars worth of crack cocaine. She said that she then drove around the block while the defendant went inside a house to get the drugs. She said that she then drove up to the defendant, and he handed her the drugs. She testified that a friend of the defendant's, Paul Moss, was also present when the transactions

2

took place. She made a positive identification of the defendant in court. The tape recordings of the three transactions were introduced into evidence at trial.

On cross-examination, Officer Morris admitted that there were other black males present in the area when she made the drug transactions that were of the same build as the defendant. She stated that she could not remember what the defendant was wearing during any of the three transactions. She also admitted that before beginning her preparation for the undercover operation, she had difficulty distinguishing among black males.

Detective Bill Matthews testified that he worked with Officer Morris on the undercover drug operation. He testified that before Officer Morris would attempt to make a purchase, he would drive through the area to see if there was any potential drug activity and to see who was "out front," meaning who was selling cocaine that night. He stated that the defendant appeared to be selling cocaine on all three occasions when the drug transactions took place. He said that he had known both the defendant and the defendant's friend, Paul Moss, for several years. He testified that he had no trouble distinguishing between them because the defendant was tall and muscular, whereas Paul Moss was heavyset. He stated that he monitored the electronic recording of the transactions. He admitted on cross-examination that sometimes there would be numerous black males outside when he would drive through the area.

The defendant testified that once when he was walking on Kilgore Street, Officer Morris approached him and asked for some "yeh," a slang term for cocaine. He stated that he continued walking. The defendant also stated that he saw Officer Morris on Kilgore Street on August 9, the night of the first drug transaction. He stated that he did not sell drugs to Officer Morris on that night or any other occasion. He testified that

the voice on the tapes of the transactions was not his. He stated that the reason he was standing outside in the area was because he was addicted to cocaine and was looking to purchase cocaine for his own personal use.

The trial court found the defendant guilty of three counts of the sale of less than one-half gram of cocaine. The defendant was sentenced to three six-year sentences to be served concurrently. The defendant argues that the evidence is insufficient to support his convictions. Specifically, the defendant argues that the identification of the defendant by Officer Morris was not credible.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence, but presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Although this case involved a bench trial, the findings of the trial judge who conducted the proceedings carry the same weight as a jury verdict. State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

Viewing the evidence in a light most favorable to the state, we conclude that the evidence is sufficient to support the defendant's convictions. Officer Morris testified that she became familiar with the defendant's face by studying his photograph before the drug transactions, and she testified unequivocally that she purchased drugs from the defendant. Detective Matthews, who had known the defendant for several years, testified that the defendant appeared to be selling drugs when he surveyed the

4

area before the drug transactions took place.  We hold that the evidence is sufficient to support the defendant's convictions.

In consideration of the foregoing and the record as a whole, we affirm the defendant's judgments of conviction.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
David G. Hayes, Judge