# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 2000 Session

## STATE OF TENNESSEE v. WILLIAM TIMOTHY TEAL

**Direct Appeal from the Circuit Court for Coffee County**
**No. 29,444     John W. Rollins, Judge**

---

**No. M1999-02580-CCA-R3-CD - Filed October 4, 2000**

---

The appellant/defendant, William Timothy Teal, appeals as of right from his conviction for driving under the influence of an intoxicant, third offense, pursuant to a bench trial by the Coffee County Circuit Court. The defendant presents two appellate issues: (1) Whether the evidence at trial was sufficient to support the trial court's finding of guilt beyond a reasonable doubt?; (2) Whether the trial court imposed an excessive sentence of nine (9) months in the Coffee County jail? We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

L. TERRY LAFFERTY, SR. J., delivered the opinion of the court, in which JERRY L. SMITH, J., and JOE G. RILEY, J., joined.

Robert T. Carter, Esq., Tullahoma, Tennessee, for the appellant, William Timothy Teal.

Paul G. Summers, Attorney General & Reporter and Lucian D. Geise, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 7, 1999, the Coffee County Grand Jury returned a four count indictment against the defendant for multiple offenses occurring on September 28, 1998. Count One alleges that the defendant was driving a motor vehicle upon the public roads of Coffee County while under the influence of an intoxicant. Further, the count alleges that this is the defendant's third offense for unlawfully driving an automobile upon the public roads of this State while under the influence of an intoxicant. Count Two alleges that the defendant did drive a motor vehicle upon a public highway in Coffee County at the time when his privilege to do so was canceled, suspended or revoked. Count Three alleges that the defendant did drive a motor vehicle upon the public roads of the State without having a lawfully displayed and attached thereto a registration plate. Count Four alleges that the

defendant did provide or aid in providing Alfred Honea with a means to avoid arrest, trial or punishment for the offense of aggravated burglary.

On April 26, 1999, at the conclusion of a bench trial, the trial court found the defendant, in Count One, guilty of driving under the influence of an intoxicant, third offense; in Count Two, the defendant stipulated that he was guilty of driving while his license was revoked; and in Count Three, the trial court found the defendant guilty of improper registration of his vehicle. As to Count Four, the State conceded that the evidence did not support a felony conviction for aiding Alfred Honea in avoiding an arrest or prosecution and joined in the defendant's motion to dismiss pursuant to Tenn. R. Crim. P. 29. On May 26, 1999, the trial court imposed a fine of one thousand five hundred dollars ($1,500.00) and confinement for 11 months and 29 days in the Coffee County jail for the offense of driving under the influence of an intoxicant, third offense in Count One. The trial court required the defendant to serve nine (9) months and then be placed on probation for two (2) months and twenty-nine (29) days. As to Count Two, for the offense of driving on a revoked license, the trial court imposed a fifty dollar ($50.00) fine and forty-eight (48) days in the County jail. This sentence was consecutive with Count One. Although the trial court found the defendant guilty of improper registration of his automobile plate, the trial court dismissed this conviction.

**TRIAL TESTIMONY**

Doug Richardson, Chief Investigator for the Coffee County Sheriff's Department, testified that he and Deputy Chad Partin, on September 25, 1998, were looking for Alfred Honea. Honea had escaped from a mental institution. Chief Richardson stated that he had received information that Honea was seen in the defendant's vehicle. Chief Richardson testified that he saw the defendant driving his car on J.D. Neal Road, near the pumping station. Chief Richardson stopped the defendant's car, at which time Honea got out of the vehicle and ran down the road, pursued by Deputy Partin. Chief Richardson secured the defendant. He noticed that the defendant smelled of an alcoholic beverage (beer), had slurred speech, red eyes, and was unsteady on his feet. Chief Richardson charged the defendant with DUI, third offense, violation of registration, driving on a revoked license, and aiding a fugitive. Chief Richardson found in the car, two large dogs and three or four cold beers. One beer had spilled on the passenger's side and was still about half full, and there was an empty bottle in the driver's vicinity. Also, in the rear seat were four or five empty beer cans. Chief Richardson testified that in his seventeen (17) years of experience, he has dealt with many persons who were intoxicated. Based upon his experience, training, and knowledge, Chief Richardson was of the opinion that the defendant was moderately intoxicated, was not falling down drunk, and that the defendant had too much to drink and drive.

During cross-examination, Chief Richardson agreed that he and the other deputies were at the scene for many hours, mainly looking for Honea. He spent about five (5) to ten (10) minutes with the defendant. As to the two open beer bottles in the car, Chief Richardson could not say who drank which or any of them. Chief Richardson could not say what, if any of the defendant's driving was erratic, in that he stopped him quickly. Chief Richardson admitted that he did not put in his report about the empty beer cans on the rear seat, or that the defendant's speech was slurred. Chief

Richardson could not say how long the empty beer cans had been in the car. Chief Richardson acknowledged that the defendant was at the scene for approximately four hours and that he did not offer the defendant any field sobriety tests. Ordinarily, Chief Richardson gives at least three field sobriety tests: the finger-to-nose; heel-to-toe; or have a suspect repeat their A-B-C's or stand on one foot. He did not do these tests that night since they were concentrating on apprehending Honea. Chief Richardson stated that he knew the defendant had refused a breathalyzer test.

Chad Partin, a Coffee County Sheriff's Deputy, testified that he and Chief Richardson were looking for a man, Alfred Honea, on September 25, 1998. Deputy Partin stated that he saw Honea in a vehicle driven by the defendant on J.D. Neal Road. Deputy Partin testified that when the car stopped, he chased Honea and did not have anything to do with the defendant.

William Marcom, an investigator for the Coffee County Sheriff's Department, testified that he responded to an assist call to apprehend Honea. He stated that as he got to the scene, a subject from the back seat of a patrol car hollered at him. Marcom did not know the defendant and when Marcom opened the driver's door of the patrol car, the subject asked him about some dogs that were in the car. Marcom testified that he could smell a strong odor of an alcoholic beverage coming from the patrol car. He noticed that the defendant's speech was slurred. It was fairly warm that evening, sweaty, and the subject appeared to be drunk. It appeared to Marcom that the defendant was heavily under the influence. During cross-examination, Marcom stated that he was with the defendant about thirty (30) seconds. Marcom testified that he did not give the defendant any field sobriety tests and that the defendant was in the patrol car most of that night.

The defendant elected not to testify in his own behalf.

## LEGAL ANALYSIS
## SUFFICIENCY OF EVIDENCE

The defendant asserts that the record is devoid of any corroborating evidence, such as physical evidence, to support the cursory conclusions of Deputies Richardson and Marcom, that the defendant was intoxicated. Furthermore, the testimonies of the deputies were so inconsistent, that this Court must resolve these conflicts in favor of the defendant. The State contends that this Court must, in the light most favorable to the State, find that the evidence is sufficient to support the defendant's conviction.

Tennessee Rules of Appellate Procedure 13(e) prescribes that "findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt." When an accused challenges the sufficiency of the convicting evidence, the standard is, whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 99 S.Ct. 2781, 61 L. Ed. 2d 560 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the

trier of fact, not this Court. *State v. Pappas,* 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this Court reweigh or re-evaluate the evidence. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978).

A verdict approved by the trial court accredits the State's witnesses and resolves all conflicts in favor of the State. *State v. Grace,* 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. *Cabbage,* 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court, of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Although this cause involved a bench trial, the findings of the trial court who conducted the proceeding carry the same weight as a jury verdict. *State v. Tate,* 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981).

In the case sub judice, the elements necessary to establish the offense are:

(1) that the defendant was driving or was in physical control of an automobile or motor driven vehicle;

(2) that this act occurred on a public road or highway or public street or alley; and,

(3) that the defendant was under the influence of an intoxicant to the extent his ability to operate a motor vehicle was impaired. *See* Tenn. Code Ann. § 55-10-401.

We find the evidence in this case supports the defendant's conviction for driving under the influence. Chief Richardson, while looking for an escaped inmate, observed the defendant driving his motor vehicle on a public road in Coffee County. Upon stopping the defendant's car, the passenger, Honea, fled and Chief Richardson secured the defendant. Chief Richardson smelled an alcoholic beverage (beer), although there was a conflict in Chief Richardson's report made four days after the arrest. Richardson testified that the defendant's speech was slurred and he was unsteady on his feet. In Chief Richardson's experienced opinion, the defendant was moderately intoxicated and should not be operating an automobile. The fact that Chief Richardson did not have the defendant undergo some field sobriety tests went to the witness's credibility which was resolved by the trial court. The record reflects that the trial court was very impressed with Chief Richardson's testimony. Investigator William Marcom testified that during his thirty (30) second encounter with the defendant, he smelled a strong odor of an alcoholic beverage coming from the patrol car occupied by the defendant. The defendant's speech was slurred and in Marcom's opinion, the defendant was too heavily intoxicated to be driving.

There is no merit to this assignment of error.

# SENTENCING HEARING

In this issue, the defendant complains that the trial court's sentence of nine (9) months for a third offense of driving under the influence conviction was excessive. Further, the defendant would assert that the trial court's acquittal of him on aiding a fugitive influenced the trial court's decision to double and then some the minimum sentence for a third offense of driving under the influence conviction. The State asserts that the defendant had two prior convictions for driving under the influence of an intoxicant and failed to be interviewed by the pre-sentence officer, thus the record fully supports the trial court's judgment.

Ms. Laura Prosser, Pre-Sentence Officer for the Department of Correction, testified that she prepared an abbreviated pre-sentence report on the defendant. The pre-sentence report was marked as an exhibit to her testimony. Ms. Prosser stated that the defendant was convicted of driving under the influence on December 12, 1991, sentenced to eleven (11) months and twenty-nine (29) days suspended after the service of forty-eight (48) hours, two hundred and fifty dollars ($250) fine, and costs. The defendant's license was revoked for one year. The defendant was convicted on July 3, 1991, for public intoxication when he forfeited a cash bond. On September 2, 1982, the defendant was convicted of DUI, sentenced to six (6) months suspended after service of forty-eight (48) hours and a fifty dollars ($50) fine and costs. Ms. Prosser testified that she attempted to interview the defendant but he failed to appear after notification was sent to him and his attorney. The defendant did not testify at this sentencing hearing.

The record reflects the trial court was cognizant that when a defendant is convicted of a non-violent crime, he is if at all possible to be sentenced to punishment other than incarceration. The trial court found no mitigating factors, but found some enhancing factors. In light of the defendant's prior convictions for DUI, the trial court affirmatively found that confinement is absolutely necessary to avoid depreciating the seriousness of the offense and confinement is particularly suited to provide an effective deterrent to others prone to commit this type of offense. The trial court commented, "I feel it is my duty as a trial judge when people have multiple offense DUI's, if I can't do anything else, I can keep them off the road where they don't run over someone else in that condition." The trial court imposed a one thousand five hundred dollars ($1,500) fine, an eleven (11) month and twenty-nine (29) day sentence, and required the defendant to serve nine (9) months. The defendant would serve the balance of his sentence on probation. The judgment order reflects that the defendant shall serve this sentence at 75 percent minimum service prior to program or work release, which this Court construes to be nine (9) months confinement.

When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). The sentence is presumed correct if the record affirmatively shows that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing that the sentence is improper. Tenn. Code Ann. § 40-35-401(d). Sentencing Commission Comments. Our review of the record reflects that the

trial court considered the sentencing principles of the Tennessee Sentencing Act of 1989, therefore, our review is with a presumption of correctness.

Convictions for DUI are controlled by Tennessee Code Annotated § 55-10-403(a)(1). At the time of this defendant's conviction, both third and subsequent DUI convictions provided for a sentence of confinement "not less than one hundred twenty (120) days and not more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55-10-403(a)(1). Further, the statute for DUI convictions provides that:

> all persons sentenced under subsection (a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation.

Tenn. Code Ann. § 55-10-403(c). Accordingly, the length of a defendant's sentence for a third or subsequent offense of DUI is set at eleven (11) months and twenty-nine (29) days. While trial courts cannot deviate from the length of the DUI sentence, trial courts do retain some discretion in determining what portion of the eleven (11) month and twenty-nine (29) day sentence a defendant will serve in confinement. *State v. Troutman,* 979 S.W.2d 271, 273 (Tenn. 1998). Also, since this DUI conviction is a Class A misdemeanor, the sentencing principles are controlled by Tennessee Code Annotated § 40-35-302. In part, this statute provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. *See State v. Palmer,* 902 S.W.2d 391, 393 (Tenn. 1995). The misdemeanor offender must be sentenced to an authorized determinate sentence with a percentage of that sentence designated for eligibility for rehabilitative programs. *See State v. Tony Randall Johnson,* No. 01C01-9812-CC-00486, 1999 WL 743614 *3 (Tenn. Crim. App. Sept. 24, 1999).

In this case, the trial court enhanced the defendant's sentence from the minimum of one hundred twenty (120) days, for a third offender DUI conviction, to eleven (11) months and twenty-nine (29) days. The trial court set the percentage of confinement at 75 percent. Due to the defendant's prior convictions for DUI, the trial court believed that incarceration was warranted due to the seriousness of the offense and a deterrent to others of like mind. We believe the trial court was correct in considering the seriousness of the defendant's commission of this offense. However, deterrence as a reason for incarceration is questionable, in that there is no proof in the record that such incarceration would act as an effective deterrent to others. The defendant had previous convictions for DUI's and failed to cooperate with the probation office in compiling the pre-sentence report. The defendant was given an opportunity to enlighten the trial court as to his past history and the possibility of rehabilitation for alcohol abuse, but he elected not to testify. We believer these are proper considerations by the trial court in setting the defendant's sentence at eleven (11) months and twenty-nine (29) days with a confinement period of nine (9) months before being placed on probation. We find, absolutely no proof in this record that the trial court increased the period of confinement on the basis that the defendant was aiding a fugitive. The length of the sentence imposed by the trial court was proper.

The trial court's judgment is affirmed.

_____
L. TERRY LAFFERTY, SENIOR JUDGE