# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 24, 2001 Session

## STATE OF TENNESSEE v. CLARENCE BOLING

**Direct Appeal from the Circuit Court for Blount County**
**No. C-12229      D. Kelly Thomas, Jr., Judge**

---

**No. E2000-01985-CCA-R3-CD**
**July 25, 2001**

---

After waiving his right to a trial by jury, the defendant was convicted of possession of marijuana with the intent to sell or deliver. For this offense he received a sentence of two years as a Range I, standard offender. However, the trial court ordered this sentence suspended after the service of thirty days.[1] Through this appeal the defendant alleges that the trial court erred in allowing impeachment evidence to be introduced through Officer Steve Blankenship and that the evidence is insufficient to support his having possessed the marijuana with the intent to sell or deliver it. After reviewing the record, we find that neither of these claims merit reversal and, therefore, affirm the defendant's conviction, but remand for correction of the judgment to reflect the defendant was convicted at a bench trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Mack Garner, District Public Defender, Maryville, Tennessee, for appellant, Clarence Boling.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; Mike Flynn, District Attorney General; and John Bobo, Assistant District Attorney, for appellee, State of Tennessee.

---

[1] The trial court further ordered the defendant placed on supervised probation for the remainder of the sentence and fined him two thousand dollars.

# OPINION

## Factual Background

On February 23, 1998, Officer Ron Talbott of the Blount County Sheriff's Office executed a search warrant at the defendant's residence. While in the process of searching the premises, the defendant returned. Upon being told why the officers were there, the defendant stated, "You got me. I'll show you where it's at." He then proceeded to take them to his bedroom and point to the top drawer of a chest. Within this drawer the officers found a set of hand scales and a bag of marijuana. Subsequent testing determined that the latter was, in fact, 15.5 grams of marijuana. During the search the officers also located another clear plastic sandwich bag in the chest, a loaded SKS assault rifle, and two boxes of ammunition for this weapon.

After hearing this and additional proof at the defendant's bench trial, the lower court convicted the defendant as charged.[2] As above-noted, the defendant now brings this appeal raising two issues.

## Notice of Impeachment Testimony

Through his first contention the defendant asserts that the trial court erred in allowing Officer Steve Blankenship to testify concerning a confidential informant's previous purchase or purchases of narcotics from the defendant. More particularly, the defendant complains that the State did not file a notice of impeachment prior to trial as required under Tennessee Rule of Evidence 608(b).

The relevant facts surrounding this controversy began with the defendant's sweeping assertion on direct examination that "I ain't never sold pot and never will." In response, the prosecutor asked the defendant if he had ever seen Officer Blankenship, who was seated in the courtroom. When the defendant stated that the officer might have been among those executing the search warrant, the assistant district attorney more pointedly asked if the defendant recognized the officer "from coming to your house as an individual and buying marijuana from you?" Thereafter the defendant avowed that he had not seen Blankenship under those circumstances and re-affirmed his claim that he had never sold marijuana.

At the conclusion of the defendant's testimony the defense rested, and the State called Blankenship in rebuttal. The defense objected when the questioning turned to the officer's previous involvement with the defendant's residence. As aforementioned, the defense based this objection on the State's failure to provide notice. After brief discussion the trial court overruled the objection, and the officer testified about his prior activities involving a confidential informant at the defendant's residence.

In beginning our examination of this issue, we observe that Tennessee Rule of Evidence 608(b)(3) does require "reasonable written notice of the impeaching conduct before trial" when the accused is the individual against whom the evidence is to be offered. Tenn. R. Evid. 608(b)(3). Nevertheless, the Advisory Commission Comment states that a witness making "a sweeping claim of good conduct on direct examination ... may open the door to cross-examination without pretrial

---

[2] The judgment form incorrectly reflects that the defendant pled guilty thus necessitating a remand for correction of the judgment.

notice ...." Tenn. R. Evid. 608, Advisory Commission Comment. With the aforementioned assertion, the defendant opened the door to questioning by the prosecution regarding the alleged prior drug sale or sales. See State v. Mark Summers, No. 03C01-9606-CR-00235, 1997 WL 785677 at *2 (Tenn. Crim. App. at Knoxville, Dec. 4, 1997). Thus, the issue of notice is meritless.

Rule 608(b) of the Tennessee Rules of Evidence provides, in pertinent part: "Specific instances of conduct of a witness for the purpose of attacking or supporting the witness's credibility, other than convictions of crime as provided in Rule 609, may not be proved by extrinsic evidence." Tenn. R. Evid. 608(b); see also State v. West, 844 S.W.2d 144, 149 (Tenn. 1992). Although, presentation of extrinsic evidence under these circumstances was error, the defendant did not object on this basis at trial and has, therefore, waived this claim on appeal. See Tenn. R. App. P. 36(a); see also State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994).

### Sufficiency

The defendant also challenges the sufficiency of the evidence supporting the trial court's verdict. While he does not contest the fact that he possessed the marijuana in question, the defendant avers that the proof does not support the finding that he had the intent to sell or deliver this substance.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779. Although this case involved a bench trial, the findings of the trial judge who conducted the proceedings carry the same weight as a jury verdict. See, e.g., State v. Tate, 615 S.W.2d 161, 162 (Tenn. Crim. App. 1981); State v. Hatchett, 560 S.W.2d 627, 630 (Tenn. 1978).

As above-noted, the defendant acknowledges that he was in possession of 15.5 grams of marijuana. This amount of the substance would fall within the range necessary to support his E felony conviction under Tennessee Code Annotated § 39-17-417(g)(1) if, as charged, he had possessed the marijuana with the intent to sell or deliver the substance. See Tenn. Code Ann. § 39-17-417(a)(4), (g)(1). Thus, the issue is whether sufficient evidence exists to prove that the defendant had the requisite intent.

While some of the trial court's findings are questionable,[3] and this is a close case, we determine after according the State the strongest legitimate view of the proof that the verdict is supported by the record. Tennessee law allows the trier of fact to infer intent from not only the amount of narcotics seized but also the circumstances surrounding the arrest. See Tenn. Code Ann. § 39-17-419. To this end we note that the top drawer of a chest in the defendant's bedroom contained the marijuana, an empty clear plastic baggy, and hand scales for weighing such substances.[4] Furthermore, a fully loaded SKS assault rifle and additional ammunition therefor were located in the same room. Items such as scales, baggies, and weapons in the vicinity of narcotics and/or a defendant have been among those objects found appropriate for consideration as to intent in these circumstances. See, e.g., State v. Charles E. Kilpatrick, Jr., No. 01C01-9810-CR-00410, 2000 WL 19762 at *4 (Tenn. Crim. App. at Nashville, Jan. 13, 2000); State v. William Dorris Bucy, II, No. 02C01-9709-CC-00363, 1998 WL 855463 at *8 (Tenn. Crim. App. at Jackson, Dec. 10, 1998); State v. Timothy Rathers, No.02C01-9701-CR-00392, 1998 WL 605095 at *3 (Tenn. Crim. App. at Jackson, Sept. 14, 1998); State v. Althea Myers, No. 01C01-9510-CR-00355, 1997 WL 424435 at *1 (Tenn. Crim. App. at Nashville, July 30, 1997); State v. Willie J. Houston, No. 02C01-9604-CR-00135, 1997 WL 272446 at *2 (Tenn. Crim. App. at Jackson, May 23, 1997). We also observe that the trial record makes no mention of the seizure or even sight of paraphernalia related to the personal use of marijuana (such as rolling papers or a bong) at the defendant's residence. Therefore, viewing the instant facts in the light most favorable to the State, there are evidentiary inferences sufficient to support the element of intent to sell or deliver the drug. This issue lacks merit.

## Conclusion

For the foregoing reasons we find that none of the defendant's allegations merit relief. Accordingly, the judgment of the trial court is AFFIRMED and REMANDED for correction of the judgment to reflect the defendant's conviction at a bench trial.

JERRY L. SMITH, JUDGE

[3] The trial judge found that the defendant's expressed willingness to share joints with others (upon request) constituted delivery. This definition is contrary to caselaw dealing with spontaneous sharing. See State v. Lee O. Anderson, No. W2000-00671-CCA-R3-CD, 2001 WL 128589 at *4-5 (Tenn. Crim. App. at Jackson, Feb. 9, 2001); State v. Michael Brown, No. 01C01-9711-CC-00518, 1999 WL 743610 at *5 (Tenn. Crim. App. at Nashville, Sept. 24, 1999); State v. Copeland, 983 S.W.2d 703, 708 (Tenn. Crim. App. 1998)

[4] Though the defendant claims that the scales were used to ensure those from whom he bought actually provided him with the amount claimed, the trial judge questioned his credibility overall, and subsequent testimony calls this claim into doubt. For example, this individual, so allegedly careful concerning the amount received at the time of purchase, later claimed, "If someone asked me to sell them a joint, I'd roll them one and give it to them."